# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| KWAME FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV425-247 |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court previously directed Plaintiff Kwame Foster to file an Amended Complaint signed himself in compliance with Federal Rule of Civil Procedure 11.  *See* doc. 15.  He has complied.  Doc. 16.  Therefore, the Court addresses his request to pursue this case *in forma pauperis* ("IFP").  Doc. 2.  His IFP application reveals his only income is from "foodstamps" and he has no cash or funds available in a checking or savings account.  *Id.* at 1-2.  It does appear that Foster meets the requirements set forth in 28 U.S.C. § 1915 and therefore his Motion to proceed IFP is **GRANTED**.  Doc. 2. Additionally, although the Defendant Commissioner was served with the original pleading pursuant to Rule 3 of the Supplemental Rules for Social Security Actions, the Court

previously stayed the deadline to respond to Plaintiff's Complaint. *See* doc. 11 at 5-6; doc. 15 at 5. Now that Foster has filed his Amended Complaint, the Commissioner is **DIRECTED** to respond, as contemplated by Rule 4 of the Supplemental Rules for Social Security Actions, no later than February 20, 2026.

Next, the Court must address Plaintiff's filing of this case in the wrong division of the Southern District of Georgia. An action for judicial review of any final decision of the Commissioner "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides." 42 U.S.C § 405(g). Foster resides in Crawfordville, Georgia, *see* doc. 16 at 2, which is in Taliaferro County, located within the Southern District of Georgia, *see* 28 U.S.C. § 90(c). Therefore, venue is proper in this District. However, under this Court's Local Rules, actions against the United States "shall be brought in the division containing the county of plaintiff's residence or in the division in which a substantial part of the events or omissions giving rise to the claim occurred." L.R. Civ. 2.1(e). Taliaferro County is located within this District's Augusta Division. 28 U.S.C. § 90(c)(1). Therefore, the Clerk is **DIRECTED** to **TRANSFER** this case to the Augusta Division for all

further proceedings. *See* L.R. Civ. 2.3 ("By Order of the Court, any civil action may be transferred . . . to any other place or division within the district.").

Finally, the Court will offer some guidance to the *pro se* Plaintiff. Despite his *pro se* status, he is subject to the governing procedural rules. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). He should review the Federal Rules of Civil Procedure, paying close attention to the Supplemental Rules for Social Security Decisions Under 42 U.S.C. § 405(g) which govern this proceeding.[1] He should also familiarize himself with this Court's Local Rules.[2] He is responsible for prosecuting his case, and any delays could result in dismissal for his failure to prosecute. *See, e.g.*, Fed. R. Civ. P. 41(b); L.R. Civ. 41.1.

**SO ORDERED,** this 30th day of December, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] A copy of the Federal Rules of Civil Procedure, including the Supplemental Rules, is available here: https://www.uscourts.gov/forms-rules/current-rules-practice-procedure/federal-rules-civil-procedure.

[2] A copy of this Court's Local Rules is available here: https://www.gasd.uscourts.gov/civil-cases-local-rules.